IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JIMMY JACKSON, | |
| Petitioner, | CIVIL ACTION NO.: 6:22-cv-22 |
| v. | |
| AIMEE SMITH, | |
| Respondent. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JIMMY JACKSON, | |
| Petitioner, | CIVIL ACTION NO.: 6:22-cv-74 |
| v. | |
| WARDEN, AUGUSTA STATE MEDICAL PRISON, | |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Jimmy Jackson ("Jackson") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as "supplemented."[1]  Docs. 1, 7, 8; Doc. 1.[2]  Jackson also filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 9; Doc. 6.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Jackson's Petitions as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** these cases and enter the appropriate judgments of dismissal, and **DENY** Jackson *in forma pauperis* status on appeal and a Certificate of Appealability in both cases.  I **DENY as moot** Jackson's Motions for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 9; Doc. 6.

## BACKGROUND

Jackson was convicted in the Toombs County Superior Court of voluntary manslaughter in May 2006 after entry of a guilty plea.  Jackson was sentence to 20 years' imprisonment.  Doc. 1 at 2.  Jackson states he did not appeal his conviction because he "wasn't given forms[.]"  Id. at 3.  Jackson also states he has not filed any other petitions or applications regarding his conviction.  Id.

---

[1]  Jackson filed a second cause of action with the District Court for the Northern District of Georgia on September 26, 2022.  Case No. 6:22-cv-74, Doc. 1.  That court observed it was unclear whether Jackson intended to file a 42 U.S.C. § 1983 or a 28 U.S.C. § 2254 cause of action but noted the Clerk of Court had docketed the letter as a civil rights action and Jackson was contesting his Toombs County, Georgia conviction and sentence.  Case No. 6:22-cv-74, Doc. 2.  As such, the Northern District court transferred Jackson's filing to the Statesboro Division of this Court.  Id.  Because Jackson is contesting his Toombs County conviction and sentence, this should have been filed as a § 2254 petition rather than as a civil rights action.  Jackson's filings in these two causes of action are not materially different from one another.  Compare Case No. 6:22-cv-22, Docs. 1, 8 with Case No. 6:22-cv-74, Doc. 1.  Thus, this Court has opted to address both cases in the same Order and Report and Recommendation, which should be filed in both of Jackson's causes of action.

[2]  Unless otherwise noted, citations in this Report are in order of filing, i.e., since Case Number 6:22-cv-22 was opened in this Court prior to Case Number 6:22-cv-74, citations to Case Number 6:22-cv-22 filings are listed first.

In the instant Petitions, which were originally filed in the District Court for the Middle District of Georgia on March 1, 2022, and with the District Court for the Northern District of Georgia on September 26, 2022, Jackson attempts to challenge his conviction obtained in the Toombs County Superior Court in May 2006.  Doc. 1; Doc. 1.  Jackson offers no explanation—other than the supposed lack of forms—as to why he has not filed anything previously.  In a supplement, Jackson asserts he has "been trying" "to get these bogus charges off [him ]" since 2005.  Doc. 8 at 1.

## DISCUSSION

**I.    Whether Jackson's Petitions Were Timely Filed**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

(A)    the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)    the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jackson's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired.  28 U.S.C. § 2244(d)(1)(A).  Jackson

3

was convicted in the Toombs County Superior Court on May 16, 2006, and it appears the judgment was filed the same day. Jackson did not file an appeal, and thus, his conviction became final on or around June 15, 2006.[3] O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Because Jackson's conviction became final on June 15, 2006, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to § 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (A state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired.).

As noted above, Jackson's conviction became final on June 15, 2006. He had one year from that date, or until June 15, 2007, to file a 28 U.S.C. § 2254 petition for writ of habeas

---

[3] Jackson's conviction and sentence were obtained in May 2006. Doc. 1. The judgment would likely have been filed the same date or soon thereafter. Regardless of the date used for entry of judgment, because Jackson's conviction occurred more than 16 years ago, the exact date of judgment in 2006 is immaterial.

corpus or a properly filed application for state post-conviction or other collateral review. Jackson filed nothing to attack his conviction until he filed the instant Petitions on March 1, 2022 and September 26, 2022, well more than a year after his conviction became final. By that time, the statute of limitations period applicable to § 2254 petitions had elapsed. On their faces, Jackson's Petitions were filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Jackson does not present any basis for equitable tolling of the statute of limitations. To be sure, Jackson offers no reason why his Petitions are untimely or why he did not pursue any post-conviction remedies until he filed the instant Petitions. Accepting as true Jackson's assertion he was not provided with any appeal forms, he still does not show he did anything in pursuit or preservation of his rights. While Jackson also states in one of his "supplements" he has been attempting to attack the charges against him since 2005, there is nothing before the Court supporting this assertion.[4] Thus, Jackson offers nothing to show he had been pursuing his

---

[4] Most of Jackson's filings in Case Number 6:22-cv-22 are devoted to complaints relating to his medical care and treatment (or lack thereof) and other conditions of his confinement. Docs. 1, 7, 8, Section 2254 is not the proper vehicle to use to complain of conditions of confinement. Claims in which petitioners challenge the circumstances of their confinement are civil rights actions, not habeas corpus

rights—diligently or otherwise—and some extraordinary circumstance prevented him from filing a timely § 2254 petition or a timely application in the state courts attacking his Toombs County conviction and sentence. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Jackson is not entitled to equitable tolling. Jackson's Petitions are untimely, and the Court should **DISMISS as untimely** his § 2254 Petitions.

## II.   Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Jackson leave to appeal *in forma pauperis* and a Certificate of Appealability in both of his causes of action. Though Jackson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual

---

actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013).

allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Jackson's Petitions and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.

Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Jackson *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Jackson's Petitions as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** these cases and enter the appropriate judgments of dismissal, and **DENY** Jackson *in forma pauperis* status on appeal and a Certificate of Appealability in both cases. I **DENY as moot** Jackson's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 9; Doc. 6.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may

8

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of February, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA